UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHERI A. BRUDEVOLD,<br><br>             Plaintiff,<br><br>     v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security<br><br>             Defendant. | Case No.  C06-5205KLS<br><br>ORDER TO SHOW CAUSE |

       This matter comes before the court on plaintiff's filing of an application to proceed *in forma pauperis* and a complaint to review and set aside a decision of the Social Security Administration under 42 U.S.C. § 405(g).  To file a complaint and initiate legal proceedings plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.

       By requesting the court to proceed *in forma pauperis*, plaintiff is asking the government to incur the filing fee because she allegedly is unable to afford the costs necessary to proceed with her cause of action.  In her application, plaintiff states she is currently employed.  Plaintiff also has attached to her application an earnings statement showing that she earned a total of $168.00 for the pay period ending on March 21, 2006, during which she worked 21 hours at $8.00 per hour, and that she has earned $2,044.00 for the year to date.  It is not clear, however, what period of time that earnings statement covers, i.e., whether it covers a one week period of time, two week period of time, etc.  It also is not clear whether plaintiff works the

ORDER
Page - 1

same number of hours each pay period.

In addition, Local Rule CR 3(b) provides in relevant part:

> At the time application is made under 28 U.S.C. § 1915 or other applicable acts of Congress, for leave to commence any civil action or to file any petition or motion without being required to prepay fees and costs or give security for them, each petitioner, movant or plaintiff shall:
> (1) Complete the in forma pauperis affidavit approved for use in this district; and
> (2) File a written consent that the recovery, if any, in the action, to such amount as the court may direct, shall be paid to the clerk who may pay therefrom all unpaid fees and costs taxed against the plaintiff, and to his attorney the amount which the court allows or approves as compensation for the attorney's services.

Plaintiff, however, had not submitted the written consent required by Local Rule CR 3(b)(2).

Accordingly, the Court hereby finds and ORDERS as follows:

(1) Plaintiff shall seek to cure these deficiencies by filing **no later than June 18, 2006**, (a) an explanation setting forth the number of hours she works each pay period, how long each pay period is, and her average earnings per pay period, and (b) the written consent required by Local Rule CR 3(b)(2).

**Failure to cure these deficiencies by the above date shall be deemed a failure to properly prosecute this matter and the Court will recommend dismissal of this matter.**

(2) The Clerk is directed to send a copies of this Order to counsel for plaintiff.

DATED this 18th day of May, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2